IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GILEAD SCIENCES, INC.,** *et al.*, <br><br> **Plaintiffs** <br><br> v. <br><br> **MERITAIN HEALTH, INC.,** *et al.*, <br><br> **Defendants.** | Case No. 1:24-cv-03566-JRR |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Quartet Defendants [sic] Motion to Reconsider and Vacate March 20, 2025 Order (ECF No. 150; the "Motion to Reconsider") and Supplement thereto (ECF No. 164). The court has reviewed all submissions. No hearing is required. Local Rule 105.6 (D. Md. 2023).

The Motion to Reconsider asks the court to reconsider and vacate the order at ECF No. 125 granting Plaintiffs' letter motion to compel at ECF No. 122. As a point of clarification, the motion to compel at ECF No. 122, and the resultant order that is the subject of the Motion to Reconsider, were directed at Defendant Santulli and not any other Defendant. The Motion to Reconsider, however, is filed by all four Defendants who make up the self-named Quartet.

In the Motion to Reconsider, the Quartet restates previously asserted matters, arguments, and circumstances the court has previously addressed and resolved in the many orders it has issued in the less than five month lifespan of the case; and which the court finds no good cause to address again here, including that the court required Mr. Santulli to respond to the motion in a shortened timeframe, that the Quartet (less Mr. Santulli) had at that time produced "more pages of

documents" than others, and that the court failed to consider Rule 26 proportionality concerns.[1] No law has changed; no new evidence has been discovered. To the contrary, all is now as it was then. The Motion to Reconsider asserts still other problems regarding bad weather and travel schedules, which ostensibly made it difficult for Mr. Santulli's counsel to comply with the court's order shortening his response time; and suggestion that Plaintiffs' presentation of its motion to compel was unfairly timed and that Plaintiffs should have shared with the court certain correspondence among counsel that was omitted from the motion to compel.

None of this was brought to the court's attention in Mr. Santulli's response to Plaintiffs' letter motion to compel. Rather, argument focused on Mr. Santulli's argument that his due process rights protected him from compliance with the court's Expedited Discovery Order because he filed a Rule 12(b)(2) motion. The court addressed Mr. Santulli's due process argument in full in its order at ECF No. 125 (and later adjudicated the 12(b)(2) motion by memorandum opinion and order at ECF Nos. 183 and 184).

The court is unpersuaded to revise or vacate its order at ECF No. 125. There has been no change in relevant law; no newly discovered evidence has come to light; no manifest injustice requires cure; and no error of law made as best the court can discern. The court has addressed all discovery disputes presented to it, including those raised and opposed by the Quartet (including Mr. Santulli). The court generally does not *sua sponte* conjure potential objections, answers, or defenses available to a party in response to a motion, as that is counsel's role. Neither Mr. Santulli

---

[1] *See* correspondence from the court at ECF No. 132 in response to correspondence from counsel for the Quartet at ECF No. 128, in which the court addresses Mr. Santulli's failure to object to or seek extension of the shortened response time to the motion to compel, his failure to raise Rule 26 proportionality concerns in his response to the motion, and explaining that documents produced by the Quartet do not cure Mr. Santulli's failure to abide his expedited discovery obligations given that the Quartet's description of the documents it produced included an express exclusion of Mr. Santulli from the description of the members of the Quartet Defendants who produced those documents. In other words, for that purpose – in describing documents produced in response to expedited discovery requests – Mr. Santulli was expressly carved out and not a member of the Quartet.

nor the Quartet will now be heard to complain that the court failed to address or consider matters or circumstances known by them but not raised or brought to its attention in advance of ruling; and, in any event, nothing in the Motion to Reconsider persuades the court to revisit and change its decision on the asserted basis that it was ill-based or wrong-headed.  As the court has expressed now several times during the life of this case, the record speaks for itself.  It is fixed and no assertion, no matter how often repeated, alters it.

Adding to these reasons to deny the Motion to Reconsider, upon review of the Motion to Reconsider, the court ordered Defendant Santulli (ECF No. 159) to file a supplement to advise the court whether or not he (and counsel) had complied with the court's order at ECF No. 125 – as he and counsel had so certified at ECF No. 131.  By Supplement at ECF No. 164, Mr. Santulli recertifies that he complied with the court's order at ECF No. 125 granting Plaintiffs' motion to compel before he filed the Motion to Reconsider – in which he asks to be relieved of the court's mandate that he produce discovery he says he already produced.  Further, by Reply at ECF No. 216, "[t]he Quartet Defendants agree that the underlying discovery dispute is moot because the Quartet Defendants (including Mr. Santulli personally) have complied with the Court's Order." (ECF No. 216 at p. 3.)  The Quartet asserts nonetheless: "the March 20, 2025 Order should be vacated because it will otherwise continue to remain a part of this case and have a prejudicial impact on the Quartet. It is manifestly unfair for an Order compelling discovery to remain part of the record in this case when respectfully, it should not have been entered in the first place." *Id.* For the reasons set forth herein, the court disagrees.  Whether based on mootness or substance, the court is unpersuaded.

The court here addresses two additional matters the Quartet sets forth in its Reply at ECF No. 216.  First, the Quartet states that the court, by correspondence at ECF NO. 132, "encouraged"

them to file the Motion. While that may be the opinion held by the Quartet, that view is not shared by the court. In its correspondence to the parties at ECF No. 132, the court pointedly expressed its displeasure with the Quartet's correspondence at ECF No. 128; specifically, the court explained that it does not countenance correspondence filed for the sole purpose of papering a file for some perceived benefit of "preserving the record." In other words, the court explained that it will not permit any party to purport to validate or generate self-serving facts and circumstances simply by giving voice to them in a paper filed on the docket, and which serves no proper purpose:

> Parties are of course entitled to file motions and related papers as they see fit and appropriate. The court, however, will not countenance self-serving correspondence by counsel, which serves no purpose other than to create a single-voice narrative to which no party is called upon to respond – as it is not a motion, according to Mr. Beltran. If parties wish to seek relief from the court, a proper motion shall be filed; they shall not misappropriate the public docket under the auspice of protecting a record. The record speaks for itself – counsel's characterizations and reflections notwithstanding.

(ECF No. 132 at pp. 2-3.) The court did not encourage motions practice; the court discouraged what it views as inappropriate litigation practice.

Second, in its Reply, the Quartet opposes what it describes as Gilead's request for sanctions in its Opposition to the Motion. (ECF No. 216 at p. 2: "Gilead asks the Court to award completely unjustified feeshifting and adverse-inference sanctions . . . . The Quartet's Motion should be granted, the prior Order vacated, and Gilead's unfounded request for sanctions denied.") The Opposition, as the court reads it, does not request an award of sanctions; rather, Gilead reserves its right to seek sanctions in the event the court finds Defendant Santulli did not comply with the order at ECF No. 125. (ECF No. 180 at p. 10: "Plaintiffs reserve the right to move for further sanctions for Mr. Santulli's non-compliance at the appropriate time." No motion is pending.)

Therefore, the Motion to Reconsider and Vacate March 20, 2025 Order (ECF No. 150) shall be, and is hereby, **DENIED AS MOOT,** because Santulli complied with the order at ECF

4

No. 125 before filing the instant Motion (per ECF Nos. 131 and 164), and is otherwise **DENIED** based on the other grounds presented.

/S/

_____

May 2, 2025                                                                Julie R. Rubin
United States District Judge