IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GILEAD SCIENCES, INC.,** *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>**MERITAIN HEALTH, INC.,** *et al.*,<br><br>Defendants. | Case No. 1:24-cv-03566-JRR |

## ORDER

This matter comes before the court on Plaintiffs Gilead Sciences, Inc., and Gilead Sciences Ireland UC IDA's (together, "Gilead") Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction as to Counts I and II of the Complaint. (ECF No. 11; the "Motion.") In accordance with the memorandum opinion issued herewith, it is this 24th day of June 2025:

**ORDERED** that the Motion for preliminary injunction shall be, and is hereby, **GRANTED** in part as set forth below, and is otherwise **DENIED**; and further it is

**ORDERED** that, pending further order of the court, Defendants Meritain Health; ProAct; Rx Valet, LLC; Advanced Pharmacy; Affordable Rx Meds; Gregory P. Santulli; and Fetih Eczanesi and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons acting in concert and participation with them, shall, upon service of this order in the manner described below, be restrained from engaging in any or all of the following acts in U.S. commerce:

1.  Importing, advertising the importation of, or otherwise facilitating the importation of product bearing a Gilead Mark (as defined herein) into the United States from outside the United States. The "Gilead Marks" are defined as follows:

| Trademark | Registration Number(s) | Registration Date |
|---|---|---|
| GILEAD | 3,251,595 | 6/12/2007 |
| [shield logo] | 2,656,314 | 12/3/2002 |
| GSI | 3,890,252 | 12/14/2010 |
| BIKTARVY | 5,344,455 | 11/28/2017 |
| DESCOVY | 4,876,632 | 12/29/2015 |
| DESCOVY FOR PREP | 5,912,591 | 11/19/2019 |
| AMBISOME | 1,598,121 | 5/29/1990 |
| 9883 | 5,467,392 | 5/15/2018 |
| [9883 pill image] | 5,636,131 | 12/25/2018 |
| 7977 | 4,585,257 | 8/12/2014 |
| TRUVADA | 2,915,213 | 12/28/2004 |
| SOVALDI | 4,468,665 | 1/21/2014 |
| STRIBILD | 4,263,613 | 12/25/2012 |
| [pill image with 3] | 6,031,751 | 4/14/2020 |
| VOSEVI | 5,259,592 | 8/8/2017 |
| [GILEAD pill image] | 5,030,567 | 8/30/2016 |
| [7977 pill image] | 5,018,106 | 8/9/2016 |
| [701 pill image] | 5,154,303 | 3/7/2017 |

| Trademark | Registration Number(s) | Registration Date |
|---|---|---|
|  | 5,906,177 | 11/12/2019 |
| **GENVOYA** | 4,797,730 | 8/25/2015 |

2. Purchasing, selling, distributing, marketing, manufacturing, offering for sale, or otherwise using in United States commerce, or facilitating the importation into the United States, any product bearing a Gilead Mark that has any of the following characteristics:

   a. The labeling is not exclusively in the English language;

   b. The packaging is not exclusively in the English language;

   c. The Patient Information document included with the product is not exclusively in the English language;

   d. The labeling does not bear either the words "Rx only" or the symbol ℞only;

   e. The labeling does not bear an NDC number;

   f. The labeling provides temperatures exclusively in degrees Celsius and does not also provide temperatures in degrees Fahrenheit;

   g. The Patient Information document included with the product does not bear the phrase "This Patient Information has been approved by the U.S. Food and Drug Administration"; or

   h. The labeling does include the phrase "GILEAD ACCESS PROGRAM."

3. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications) or other documents relating to the Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products bearing any of the Gilead Marks; and

4. Assisting, aiding, or abetting any other person or entity in engaging in or performing any action prohibited herein; and further it is

**ORDERED** that within three business days of the entry of this order, Plaintiffs post an undertaking with the Clerk of Court in the form of a bond, cash or check in the amount of $50,000 as security (or continuation of same; ECF No. 52 ) for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this order, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account.

/S/

---

Julie R. Rubin
United States District Judge