UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

GILEAD SCIENCES, INC., *et al.*,

                                Plaintiffs,      :   Case No. 24-CV-3566-JRR

v.

MERITAIN HEALTH, INC., *et al.*,

                                Defendants.

---

**TEMPORARY RESTRAINING ORDER**
**AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

Upon review of the Amended Complaint of Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs"), the memorandum of law in support submitted in support of this Order, and the accompanying declaration and the exhibits annexed thereto, and for good cause shown, it is hereby:

**ORDERED** that, for the reason set forth in Plaintiffs' request for entry of a temporary restraining order and as set forth on the record in open court, Plaintiffs' request be and hereby is **GRANTED**; and it is further;

**ORDERED** that defendants CanaRx Services, Inc.; CanaRx Group, Inc.; CRX International, Inc.; Giles Robert Howard; John Howard; ElectRx and Health Solutions, LLC; Jeffrey Dinsmore; ScriptSourcing, LLC; and Gary Becker (collectively, the "New Defendants") and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons acting in concert and participation with them, shall, upon electronic service of this order, be restrained from engaging in any or all of the following acts in U.S. commerce:

1. Importing, advertising the importation of, or otherwise facilitating the importation of product bearing a Gilead Mark (as defined herein) into the United States from outside the United States. The "Gilead Marks" are defined as the following:

| Trademark | Registration Number(s) | Registration Date |
|---|---|---|
| GILEAD | 3,251,595 | 6/12/2007 |
| (logo) | 2,656,314 | 12/3/2002 |
| GSI | 3,890,252 | 12/14/2010 |
| BIKTARVY | 5,344,455 | 11/28/2017 |
| DESCOVY | 4,876,632 | 12/29/2015 |
| DESCOVY FOR PREP | 5,912,591 | 11/19/2019 |
| AMBISOME | 1,598,121 | 5/29/1990 |
| 9883 | 5,467,392 | 5/15/2018 |
| (pill image) | 5,636,131 | 12/25/2018 |
| 7977 | 4,585,257 | 8/12/2014 |
| TRUVADA | 2,915,213 | 12/28/2004 |
| SOVALDI | 4,468,665 | 1/21/2014 |
| STRIBILD | 4,263,613 | 12/25/2012 |
| (pill image) | 6,031,751 | 4/14/2020 |
| VOSEVI | 5,259,592 | 8/8/2017 |
| (pill image GILEAD) | 5,030,567 | 8/30/2016 |
| (pill image 7977) | 5,018,106 | 8/9/2016 |
| (pill image 701) | 5,154,303 | 3/7/2017 |
| (pill image) | 5,906,177 | 11/12/2019 |

| Trademark | Registration Number(s) | Registration Date |
|---|---|---|
| GENVOYA | 4,797,730 | 8/25/2015 |

2. Purchasing, selling, distributing, marketing, manufacturing, offering for sale, or otherwise using in United States commerce, or facilitating the importation into the United States, any product bearing a Gilead Mark that has any of the following characteristics:

   a. The labeling is not exclusively in the English language; or

   b. The packaging is not exclusively in the English language; or

   c. The Patient Information document included with the product is not exclusively in the English language; or

   d. The labeling does not bear either the words "Rx only" or the symbol ℞only;  or

   e. The labeling does not bear an NDC number; or

   f. The labeling provides temperatures exclusively degrees Celsius and does not also provide temperatures in degrees Fahrenheit; or

   g. The Patient Information document included with the product does not bear the phrase "This Patient Information has been approved by the U.S. Food and Drug Administration"; or

   h. The labeling does include the phrase "GILEAD ACCESS PROGRAM."

3. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications) or other documents relating to the Defendants' assets and operations or relating in any way to the

3

purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products bearing any of the Gilead Marks; and

    4.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any action prohibited herein; and it is further

**ORDERED** that, for the avoidance of doubt, nothing in the temporary restraining order as set forth in subparagraphs 1 through 4 above restricts any Defendant from purchasing, selling, distributing, marketing, offering for sale, or otherwise using in United States commerce, any Gilead-branded medicine obtained from Gilead's authorized U.S. distributors as listed on Gilead's website, https://www.gilead.com/medicines/authorized-distributors; and it is further

**ORDERED** that the temporary restraining order as set forth in subparagraphs 1 through 4 above shall be in effect for a period of 14 days from the entry hereof, after which it shall expire absent further order of the Court; and it is further

**ORDERED** that within three business days of the entry of this order, Plaintiffs post an undertaking with the Clerk of Court in the form of a bond, cash or check in the amount of $50,000 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this order, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account; and it is further

**ORDERED** that Defendants shall show cause before this Court at Courtroom _____, 101 West Lombard Street, Baltimore, Maryland on the 8th day of Dec, 2025 at 9:00 o'clock A.m., or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining the Defendants in the manner set forth in paragraphs 1-8 of this Order for the duration of this litigation; and it is further **ORDERED** that answering papers, if any, be filed by the

4

Defendants with this Court and served upon Plaintiffs' counsel, Geoffrey Potter, Timothy Waters, David Shuster, and Lydia Lawless by email at gpotter@pbwt.com, and twaters@pbwt.com, dshuster@kg-law.com, and llawless@kg-law.com, on or before the 17th day of Nov., 2025, and reply papers shall be filed and served on or before the 1st day of Dec., 2025; and finally, it is

**ORDERED** that the failure to attend the December 8, 2025 hearing by any Defendant may result in issuance of the requested preliminary injunction in such party's absence.

Date and Time: 6:12 PM 10/23/2025

_____
The Honorable Julie R. Rubin
United States District Judge