IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GILEAD SCIENCES, INC.,** *et al.*, | |
| *Plaintiffs*, | |
| v. | **Case No. 1:24-cv-03566-JRR** |
| **MERITAIN HEALTH, INC.,** *et al.*, | |
| *Defendants*. | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter comes before the court on Plaintiffs' Motion to Lift Adjournment of Responsive Pleading Deadline and for Entry of a Scheduling Order Pursuant to Federal Rule of Civil Procedure 16(b)(2) (ECF No. 350; the "Gilead Motion"), Defendants' Joint Response in Opposition to Plaintiffs' Motion to Lift Adjournment of Responsive Pleading Deadline and for Entry of a Scheduling Order (ECF No. 352), and Plaintiffs' Reply in support of the Gilead Motion (ECF No. 353). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    INTRODUCTION

Given the longevity and complexity of this action, the court forgoes reciting a long-form background and instead relies on the well-developed relevant background set forth in the court's order at ECF No. 344 and the parties' papers presently before the court. Further, for convenience, the court uses here the defined terms the court and parties have adopted throughout this action. To set off the court's analysis, the court recites here relevant portions of its order at ECF No. 344, issued November 12, 2025:

> By order at ECF No. 300, motions to stay pending appeal were due by 12 noon, October 31, 2025. None was filed. Instead, at 11:04 that morning, the parties filed a stipulation to stay the deadline to

respond to the First Amended Complaint ("FAC") until following disposition of the PI appeals before the Fourth Circuit. Further, the new Defendants consented to entry of effectively the same PI. It seems a safe assumption to the court that Defendants opted not to file motions to stay in view of these stipulations. That same day, October 31, the court entered the stipulations – giving them the force of court orders. (ECF Nos. 333, 335.)

Also on that same afternoon, the court entered an order at ECF No. 336 requiring periodic joint status reports and specifically noting that the case is effectively, *de facto*, stayed by agreement— notwithstanding the stipulated provision of a non-stay so that any party can move to change the FAC response deadline "for good cause, as case needs require." The order at ECF No. 336 also expressly explained: "These reports are for the purpose of keeping the court apprised of the general status of the case." The court could not have been clearer of its understanding (apparently shared by Defendants) that the case was generally expected to be on pause pending appeal of the PI unless the court saw fit to hit the play button.

Eleven days later, Gilead . . . ask[ed] for a case management conference so that this case can proceed to discovery. . . . Not only can a case not proceed toward summary judgment and trial without an answer to a pleading, Gilead's request does not comport with the Local Rules or local practice.

Local Rule 104.4 provides: "Unless otherwise ordered by the Court or agreed upon by the parties . . . discovery shall not commence and disclosures need not be made until a scheduling order is entered." Further, as aptly explained by Judge Chuang in *Int'l Refugee Assistance Project v. Trump*: "[I]n the normal practice of this District, discovery does not commence until after resolution of a motion to dismiss. The reason for this general practice is sensible: a court's ruling on a motion to dismiss may assist in defining the contours of discovery. The Court presently does not see any persuasive reason to deviate from this path." 323 F. Supp. 3d 726, 735 (D. Md. 2018).

. . . The parties shall meet and confer on the following: If Gilead contends there is, as set forth in the order at ECF No. 333, "good cause" to lift the stipulated adjournment of the FAC response deadline set in place a mere 12 days ago, it is entitled to file a motion for such relief; however, the court suspects that if Gilead were to file such a motion, Defendants (some or all) would take the position that the case should be stayed pending appeal. Therefore, if Gilead

> intends to file a motion as contemplated by the order at ECF No.
> 333, and Defendants intend to oppose such a motion and seek a true
> stay pending appeal, the court requires an agreed-upon briefing
> schedule to include both issues in one set of briefing.

(ECF No. 344.)

Thereafter, by correspondence at ECF No. 348, the parties submitted a jointly proposed

briefing schedule:

> [W]e write in response to Your Honor's November 12, 2025 order
> directing the parties to provide an agreed-upon briefing schedule
> addressing whether the case should be stayed pending the Original
> Defendants' appeal and whether the parties' adjournment of the
> FAC response should remain in place.

(ECF No. 348.)

By order at ECF No. 349, the court advised in pertinent part:

> The court is in receipt of correspondence at ECF No. 348. The
> parties shall comply with the proposed briefing schedule set forth
> therein and are reminded (per ECF No. 344 at p. 3) that the briefs
> shall encompass all arguments re lifting the response deadline to the
> FAC and any request to stay the case pending the PI appeals.

(ECF No. 349.)

Therefore, the court addresses below the two motions before it: the Gilead Motion (to lift

the "adjournment") and Defendants' joint motion to stay the case pending appeal set forth in its

Response in Opposition (hereinafter, the "Motion to Stay").

## II.    ANALYSIS

Preliminarily, the court dispenses with labeling or determining the present status of the

case as "stayed" or "adjourned"—including whether there is any difference between the two.

Instead, the court observes, as it has in the past, that the case is effectively, *de facto*, stayed by

stipulation (or adjourned, whichever one prefers) and, as in any other case with such a status, the

parties are free to move to lift the stay (or adjournment).  That is what the Gilead Motion does.

3

As explained previously, the court will not permit this case to proceed to discovery before responsive pleadings have been filed and a scheduling order has been issued. (Gilead's past suggestion that this case could proceed to Rule 56 motions in advance of responsive pleadings is, as explained, a non-starter for this court.)[1] The court takes this position for a number of reasons, not the least of which is Local Rule 104.4; the general (and sensible) local practice conforming to this rule, and the parties' expected familiarity with same; the complexity of this action in terms of the numerosity of parties; the staged manner in which the case has developed (so much so that we have Original Defendants and New Defendants); the pendency of appeals filed by all Original Defendants; and New Defendants' stipulation to entry of a preliminary injunction (presumably given the expectation that the court would enter a second preliminary injunction and the pending appeals may inure to their benefit, at least with respect to fiscal conservation if not also on the merits). Against this backdrop, the court sees no efficiency in proceeding to discovery as Gilead prefers.

For similar reasons, the court disagrees with Gilead that good cause exists to lift the stay/adjournment and to require Defendants to file responsive pleadings/papers in response to the First Amended Complaint. Gilead asserts that good cause to change the status of the case exists because "an essential predicate" for its consent to the stipulation was that it would be entitled to pursue merits discovery during the pendency of the appeal; and, now that it understands the court will not order merits discovery in advance of answers to the FAC, that essential predicate is no longer in place.[2] Even crediting Gilead's assertion that the foundation underpinning its stipulation

---

[1] This is not the rare case in which the plaintiff has filed a Rule 56 motion with its complaint.

[2] Gilead notes that Local Rule 104.4 does not address issuance of a scheduling order prior to responsive motions and pleadings. That is technically correct. Still, it is the practice of this court (not solely the undersigned) not to do so because resolution of responsive motions often greatly streamlines and informs the scope of discovery (and trajectory of the case in general). *See Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 735, *supra.*

has been removed (thus justifying a lift of the stay/adjournment), Gilead's misunderstanding of the local practice (as plainly cued and elucidated by the Local Rule) does not amount to good cause. *Sierra Club v. Nat'l Marine Fisheries Serv.*, 711 F. Supp. 3d 522 (D. Md. 2024); *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, No. 5:11-CV-50, 2014 WL 12605549 (N.D.W. Va. Apr. 7, 2014). That said, the court appreciates that the local practice here is not necessarily the local practice in other districts; and it is true that the Local Rules do not expressly state that scheduling orders generally follow answers. Regardless, for the reasons explained below, the court finds that the factors to stay this case pending appeal weigh heavily in favor of Defendants' Motion to Stay.

To begin, the court well appreciates that Defendants bear the burden to demonstrate a stay is appropriate, and that a stay is the exception, not the rule. The court addresses three factors in determining whether to stay a case pending appeal: 1) judicial economy; 2) hardship (if any) to Defendants in the absence of a stay; and 3) potential damage or prejudice to Gilead if a stay is entered. *See Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (citing cases and delineating factors).

*Judicial Economy*

The pending appeals raise a diverse set of arguments, any one of which could materially affect the strength of the claims, availability of defenses/preliminary motions, and related discovery in this case. For example, the Fourth Circuit is primed to consider whether this court erred in its legal analysis as to application of the Federal Food, Drug, and Cosmetic Act, the first-sale doctrine, and theories of liability for trademark infringement (as to Meritain and ProAct)—not to mention the court's personal jurisdiction over Mr. Santulli. And, surely, the strength of Gilead's claims against New Defendants (and their available defenses) will be informed by the

Fourth Circuit's analysis; indeed, the similar marketplace status/posture of New and Original Defendants also strongly militates against consideration of a stay as to Original Defendants only. Similarly, if Gilead prevails, in whole or in part on appeal, Fourth Circuit analysis will likely figure prominently in available defenses, grounds for Rule 12 motions, and the like.

*Defendants' Hardship*

In view of the material legal (and factual) questions on appeal, the court agrees with Defendants that they stand to sustain avoidable, considerable hardship in the absence of a stay regardless of the outcome in Richmond. If Defendants (some or all) lose (in whole or in part) on appeal while this case proceeds at the district level, Defendants (and the court) are expected to spend considerable resources (across a great number of Defendants) on motions and matters later foreclosed (or at least greatly informed) by the appellate decision. Similarly, if Defendants (some or all) prevail (in whole or in part) on appeal while this case proceeds at the district level, they will have spent a great many hours on motions and related matters which would have been significantly avoided (or at least shaped) had the appellate opinion been in hand. The court appreciates, as Gilead points out, that delay-related time and money do not amount to cognizable prejudice in the context of litigation. That said, while all prejudice includes hardship, not all hardship need amount to prejudice to be relevant. *See Int'l Refugee Assistance Project,* 323 F. Supp. 3d at 731 (D. Md. 2018) ("When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.")

*Potential Damage or Prejudice to Gilead*

The court does not discern damage or prejudice to Gilead in the presence of a stay.  First, the obvious: Gilead has secured two PIs pending appeal—it cannot claim to be bereft of the protections it came to court to get.  The court is unpersuaded that waiting to pursue discovery amounts to a damage when the protection Gilead sought is squarely the protection Gilead secured. The court appreciates the practical reality that waiting it out until the Fourth Circuit announces its ruling may well gum up the works for potential settlement that robust discovery might inspire, but that is not a cognizable damage or prejudice; it's a strategy setback.  Second, the expense (and effort) of having to re-learn the case would appear to be largely unavoidable even were the court to issue a scheduling order today—inasmuch as the case has been in a holding pattern for many months already.

## III.  CONCLUSION

For the foregoing reasons, it is this 3ʳᵈ day of February 2026:

**ORDERED** that the Motion to Stay (ECF No. 352) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that this case shall be, and is hereby, **STAYED** until 21 days after the U.S. Court of Appeals for the Fourth Circuit issues its mandate in the consolidated appeal before it, identified by lead case number 25-1828; and further it is

**ORDERED** that the Gilead Motion (ECF No. 350) shall be, and is hereby, **DENIED as moot**; and further it is

**ORDERED** that the parties shall file joint status reports (*i.e.*, one submission filed by one party with consent of all others) beginning on March 2, 2026, and thereafter on the earlier of every 60 days or upon disposition of the consolidated appeal.

/S/
_____

Julie R. Rubin
United States District Judge